## Lipschutz v. Lipschutz et al.

*Levi & Mandel*, for plaintiff; *David H. Kinley*, for defendants.

SMITH, P. J., November 2, 1932.—Michael Lipschutz (the husband of the plaintiff) died in 1916, intestate. At that time he was the owner in fee of a property situate at No. 2416 North Front Street, Philadelphia. He left surviving him his widow, his mother and five brothers. The mother has since died (1921). The plaintiff, under the intestate laws of the Commonwealth of Pennsylvania, had a life estate in one-half of the said real estate.

On September 30, 1927, the plaintiff made a verbal agreement with two of the brothers of her deceased husband (the defendants in this action) by which they occupied the said premises for a term of ten years, from the rent of which

they agreed to pay her $90 a month as her share. The defendants continued in possession and paid the plaintiff $90 each month. On June 22, 1931, they wrote a letter to the plaintiff as follows:

"Philadelphia, June 22, 1931.

"Mrs. Rose Lipschutz
   "1462 West 53rd Street
      "Brooklyn, New York.
   "Dear Mrs. Lipschutz:

"We, the undersigned, Isaac Lipschutz and Abraham L. Lipschutz, owners and tenants of premises 2416 North Front Street, Philadelphia, subject, of course, to your dower interest, do hereby notify you that on and after October 1st, 1931, we will discontinue the payment of $200. a month for premises 2416 North Front Street and likewise discontinue the authorization of the payment to you of $90. per month, which was more that your share of rentals received from the premises.

"On and after October 1, 1931, we propose to pay for the rental of 2416 North Front Street, $150.00 per month, and your share of such rental, after the payment of taxes, water rent and interest on incumbrances, will be approximately $38.00 per month, without taking into consideration repairs to the property.

"This notice to you is for the purpose of effecting the revocation of the oral arrangement we had with you for the payment to you of $90. per month free and clear of all incumbrances as rentals for your interest in the property.

"Yours very truly,
   "(Sgd.)   ISAAC LIPSCHUTZ
      (Sgd.)   ABRAHAM LIPSCHUTZ."

To this attempted revocation the plaintiff did not agree. The defendants continued paying the plaintiff the sum of $90 each month until October 1, 1931, when they discontinued making any payments. The plaintiff brought an action in assumpsit for $900 for moneys due her from October 1, 1931, until the date of the suit. To this suit the defendants have filed an affidavit of defense in the nature of a demurrer, claiming that, since the agreement was a lease and was for a term of ten years, it offends against the provisions of the statute of frauds and is invalid, and that judgment should be given for defendants.

The defendants occupied these premises under an oral lease. The plaintiff, having a life estate in one-half of this real estate, was one of the lessors, and the agreement that the tenants would collect the rents and apportion them among the various lessors does not destroy the status of her position. The parties to this action are tenants in common and the statute of frauds applies to leases between them: Spencer's Appeal, 80 Pa. 317.

The question, however, to be here determined is whether or not the plaintiff has set forth a good cause of action in the statement of claim to collect $900 for ten months at $90 per month from October 31, 1931, to the date of the suit. We are here not concerned at this time with the term of years. It may be conceded that a parol lease for ten years offends against the statute of frauds. It may also be conceded that the letter of June 22, 1931, written by defendants does not take this case out of the statute since it makes no mention of the term of years. The only matter, however, that is indefinite at all is the term of years. It is admitted by the pleadings that $90 each month was the monthly sum agreed upon to be paid. The parol lease is not void but has the effect of at least a tenancy at will. This tenancy was converted by the actions and occupancy of the lessees into a tenancy from year to year at a rental payable $90 for each and every month during its term. The tenant is liable for the payment of such use and occupancy at that rate. Even if the amount of rent was not definite, recourse could be had to the original agreement as evidence of the value of such

use and occupation in a matter of this nature. The statement of claim has averred that the reasonable value of the plaintiff's share from the proceeds of the real estate is $90 a month during the time that the defendants occupy the premises as tenants. That is a sound legal averment and is sufficient to carry the case to a jury. The parol lease was made in good faith between the parties, and as long as their status remains the same and the tenants retain occupancy of the premises under a lease from year to year they must pay such rent to the plaintiff as they agreed with her to pay. The defendants are not entitled to a judgment in this action in assumpsit.

### Order

And now, to wit, November 2, 1932, the affidavit of defense raising questions of law is not sustained. Defendants are given fifteen days to file a defense to the averments of fact in the statement of claim.